UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clinton Dudley,                                                  Case No. 3:24-cv-67

                 Plaintiff,

v.                                                       MEMORANDUM OPINION
                                                               AND ORDER

Sheriff Michael Navarre, *et al.*,

                 Defendants.

## I.     INTRODUCTION AND BACKGROUND

Proceeding *in forma pauperis*, *pro se* Plaintiff Clinton Dudley filed this action against Defendants Lucas County, Ohio Sheriff Michael Navarre and Lucas County Prosecutor Julia Bates. (Doc. No. 1). Plaintiff asserts he is a certified paralegal from the Blackstone School of Law and alleges Defendants have hindered his ability to represent one of his clients, Joshua Dudley ("Joshua"), who currently is being held in the Lucas County Jail. (*Id.* at 1-2).

In the Complaint, Plaintiff alleges the Jail has not allowed him to enter the facility to have Joshua sign certain legal papers and has refused to facilitate the exchange of those documents between Plaintiff and Joshua. Plaintiff asserts he has been told he "need[s] to be a lawyer; others are not permitted to enter building or pass legal papers to prison[er]s; and only lawyers are allowed to help prison[er]s file legal papers." (*Id.* at 2). Plaintiff challenges the legality of this policy and alleges that, if it is enforced, Joshua's appeal of his state court sentences imposed on January 3, 2023, may be delayed. As such, he seeks a temporary restraining order which would require Defendants accept

the legal papers from Plaintiff, take them to Joshua to sign, and then return them to Plaintiff so that they may be filed by Plaintiff in other courts. (*Id.* at 3).

## II.   STANDARD

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I am expressly required, however, under 28 U.S.C. § 1915(e)(2) to screen all *in forma pauperis* actions and to dismiss before service any such action that fails to state a claim upon which relief may be granted or that lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). I also have a duty to dismiss an action if I determine at any time that the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h).

To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197). I am not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. DISCUSSION

"Before bringing a case in federal court, a plaintiff must establish standing to do so." *Klein v. U.S. Dep't of Energy*, 753 F.3d 576, 579 (6th Cir. 2014). One element of standing that must be shown is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and alterations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 561 (internal quotation marks and alterations omitted).

Here, Plaintiff does not allege the Jail's rule has invaded any of his legally protected interests.[1] Instead, he suggests only that enforcement of the rule may delay Joshua's appeal of his

---

[1] In his complaint and motion for temporary restraining order, Plaintiff relies on *Johnson v. Avery*, 393 U.S. 483 (1969). Construing the complaint liberally, I can see how Plaintiff believes the Jail's rule is similar to the prison regulation at issue in *Johnson* which barred inmates from assisting fellow inmates in the preparation of petitions for post-conviction relief. 393 U.S. at 484. But the petitioner in *Johnson* was in a much different position than Plaintiff is here. That is, the petitioner in *Johnson* was an inmate serving a life sentence, who was transferred to the maximum security of the prison because he violated the regulation at issue. *Id.* The lower court found the petitioner had standing to challenge the validity of this regulation because while the "petitioner himself has never been denied the right to file petitions on his own behalf in Federal or state courts, it seems clear that he has been subjected to a restraint upon his liberties unauthorized by the life sentence he is serving. In such a case, habeas corpus will lie to inquire into the lawfulness of this added punishment, even though it will not result in his unconditional release from prison." *Johnson v. Avery*, 382 F.2d 353, 355 (6th Cir. 1967), *rev'd on other grounds*, 393 U.S. 483. Ultimately, the Supreme Court did not, through *Johnson*,

3

state court sentences imposed on January 3, 2023. (*See* Doc. No. 1 at 2). Therefore, if Plaintiff's complaint states any injury to a legally protected interest, the injury would be to Joshua and not Plaintiff. And "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Plaintiff is not an attorney and may not bring this *pro se* for any injury that may suffered by Joshua.

### IV. CONCLUSION

Because Plaintiff does not allege he has suffered any "injury in fact," he lacks standing to bring this action. Accordingly, this action must be dismissed, and his motion for a temporary restraining order be denied as moot. (Doc. No. 1). Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

recognize any legally protected interest for a non-lawyer such as Plaintiff to provide legal assistance to an inmate nor has it ever recognized "an abstract, freestanding right to . . . legal assistance" for inmates. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).